IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-22-00240-JD |
| | ) |
| RUI MAE WANG, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Rui Mae Wang, appearing pro se, filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) ("Motion"). [Doc. No. 124]. In her Motion, Ms. Wang requests that her case be evaluated for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. Motion at 1. Assistant Federal Public Defender Laura K. Deskin, in accordance with this District's General Order 23-6, filed a Notice Regarding Defendant's Ineligibility for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on the Retroactive Application of USSG Amendment 821 [Doc. No. 131 at 2], asserting that "Amendment 821 was already applied to Ms. Wang" and the "two-level reduction in [USSG] § 5C1.2 . . . [was] accordingly deducted from her guideline range." The United States responded to the Motion [Doc. No. 128], asserting that Ms. Wang already received the benefit of Amendment 821 at her sentencing. The United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 125], likewise asserting that

Ms. Wang is ineligible for sentencing relief because the Court applied the adjustment for zero-point offender at Ms. Wang's sentencing hearing.

For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction because Ms. Wang is not eligible for a sentence reduction under § 3582(c)(2) having already received the benefit of Amendment 821 at her sentencing hearing.

I.    **BACKGROUND**

On June 16, 2023, Ms. Wang entered a plea of guilty to the one-count Superseding Information charging her with drug conspiracy, in violation of 21 U.S.C. § 846. [Doc. Nos. 59, 68–73]. On November 28, 2023, the USPO filed the Final Presentence Investigation Report ("PSR"). [Doc. No. 79]. The PSR assigned a base offense level of 32. PSR ¶ 28. Two levels were added to the base offense level under USSG § 2D1.1(b)(1) because the offense involved possession of a firearm. *Id.* ¶ 29. Two levels were also added to the base offense level under USSG § 2D1.1(b)(12) because Ms. Wang "maintained a premises for the purpose of distributing a controlled substance." *Id.* ¶ 30. Two levels were deducted because of Ms. Wang's safety-valve eligibility under USSG §§ 2D1.1(b)(18) and 5C1.2, resulting in an adjusted offense level of 34. *Id.* ¶¶ 31, 35. Ms. Wang met the criteria at USSG § 4C1.1(a)(1)–(10) to qualify for a zero-point offender adjustment, and the offense level was reduced another two levels. *Id.* ¶ 35a. After a three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 29. *Id.* ¶¶ 37–39.

The PSR calculated a total criminal history score of zero for Ms. Wang, placing her in a criminal history category of I. *Id.* ¶ 43. Based on a total offense level of 29 and a

criminal history category of I, the PSR calculated Ms. Wang's advisory guideline range for imprisonment at 87 months to 108 months. *Id.* ¶ 72.

At the sentencing hearing held on May 8, 2024, the Court sustained Ms. Wang's out-of-time objection to paragraph 28 of the PSR, agreeing with the stipulated drug amount in the plea agreement, which corresponded to a base offense level of 30. [Doc. No. 100 at 1]; *see also* [Doc. No. 97 at 1]. The Court thus calculated the advisory guideline range of imprisonment at 70 months to 87 months. [Doc. No. 100 at 1]. The Court sentenced Ms. Wang to a term of imprisonment of 42 months, reflecting a downward variance from the advisory guideline range. Judgment at 2 [Doc. No. 99 at 2]; *see also* [Doc. No. 100 at 3]. Ms. Wang now seeks a reduction in her sentence based on Amendment 821 to the United States Sentencing Guidelines. *See* Motion at 1.

## II.     DISCUSSION

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that district courts lack inherent authority to modify a previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

3

Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the Sentencing Commission's "instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is even *authorized*"). At step two, the district court considers whether such reduction "is warranted in whole or in part" based on the applicable § 3553(a) factors and policy statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the second step, "a matter of discretion, is whether an authorized reduction is in fact *warranted*"). Additionally, the district court "'may consider' the defendant's post-sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that § 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

4

Ms. Wang seeks a sentence reduction under Amendment 821. *See* Motion at 1. Amendment 821 took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points." Part B created a new guideline at USSG § 4C1.1, which provides for a decrease of two levels to the offense level for zero-point offenders who meet all 10 criteria listed in § 4C1.1(a). *See* USSG Suppl. to App. C, Amend. 821 (Part B) (Zero-Point Offenders); *see also* USSG § 4C1.1(a) (Nov. 2023). Ms. Wang did not receive any status points. *See* PSR ¶¶ 40–43. As noted above, she had zero criminal history points and met all the criteria listed at § 4C1.1(a). *See* PSR ¶¶ 35a, 43; *see also* [Doc. No. 100 at 1]. As a result, her adjusted offense level was decreased by two levels to account for Part B of Amendment 821 before application of the three-level reduction for acceptance of responsibility. PSR ¶ 35a. After the Court sustained her objection to paragraph 28, her advisory guideline range of imprisonment was 70 months to 87 months (total offense level of 27 and a criminal history category of I). [Doc. No. 100 at 1].

Without application of Amendment 821, her advisory guideline range of imprisonment would have been 87 months to 108 months (total offense level of 29 and a criminal history category of I). Additionally, the Court varied below the reduced advisory guideline range of 70 to 87 months by sentencing Ms. Wang to a term of imprisonment of 42 months. Accordingly, because Ms. Wang received the benefit of Amendment 821 at sentencing, a reduction in sentence under 18 U.S.C. § 3582(c)(2) is not warranted.

Accordingly, because no reduction is authorized, the Court lacks jurisdiction under § 3582(c)(2) to modify Ms. Wang's sentence and dismisses the Motion. *See White*, 765

F.3d at 1250 (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition"); *see also United States v. Angulo-Lopez*, 755 F. App'x 811, 813 (10th Cir. 2018) (unpublished) (affirming the district court's dismissal for lack of jurisdiction where Amendment 782 did not affect the defendant's guideline range).

### III. CONCLUSION

Accordingly, Defendant Rui Mae Wang's pro se motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) [Doc. No. 124] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 12th day of January 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE